# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| KAREN C. LEWIS, | * | |
| | * | No. 15-1078 |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | |
| | * | Filed: July 25, 2016 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Court of Fed. Claims Rule 25; |
| | * | Death of petitioner; Decision |
| | * | dismissing case. |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * *

Erin A. Juzapavicus, Milam Howard Nicandri Dees & Gillam, P.A., Jacksonville, FL;

Darryl R. Wishard, United States Dep't of Justice, Washington, D.C., for respondent.

### PUBLISHED DECISION DENYING COMPENSATION[1]

Karen Lewis filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300a-10 through 34, on September 25, 2015.  Her petition alleged that, as a result of her receipt of the influenza ("flu") vaccine administered to her on September 25, 2012, she suffered polymyalgia rheumatica ("PMR") and giant cell arteritis ("GCA").  However, Ms. Lewis's petition must be dismissed due to the lack of a proper plaintiff to maintain the action.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this ruling on its website.  Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions ordered by the special master will appear in the document posted on the website.

## I. Procedural History

Represented by Ms. Erin Juzapavicus, Ms. Lewis filed her petition on September 25, 2015.  Ms. Juzapavicus filed medical records and an affidavit on October 26, 2015.  On that date, Ms. Juzapavicus also submitted a status report, stating that Ms. Lewis had passed away on October 8, 2015.  On November 25, 2015, Ms. Juzapavicus filed Ms. Lewis's certificate of death and additional medical records.  Ms. Juzapavicus filed final medical records and a statement of completion on December 21, 2015.

The Secretary filed her report pursuant to Vaccine Rule 4 on February 12, 2016.  The Secretary argued that no treating physician provided a theory as to how the flu vaccine could cause PMR or GCA, nor had any medical specialists that treated Ms. Lewis associated the flu vaccine with her conditions.  Additionally, the Secretary argued that the time of onset, seven hours, was not reasonable. Resp't's Rep. at 11-12.

During the ensuing status conference, held on March 4, 2016, the parties discussed the Rule 4 report and whether Ms. Lewis's surviving spouse or her children would establish an estate to continue the litigation.  Ms. Juzapavicus filed a status report on April 4, 2016, stating that Ms. Lewis's surviving spouse, Dexter Lewis, had passed away on March 4, 2016.  She also stated that she contacted David Lewis who was named successor Attorney-in-Fact after Dexter Lewis.  See exhibit 20.  Ms. Juzapavicus represented that prior to Mr. Dexter Lewis's passing, and later confirmed by David Lewis, Mr. Dexter Lewis informed Ms. Juzapavicus that an estate would not be opened for Ms. Lewis.  Therefore, Ms. Juzapavicus indicated that she was "without a client."

The undersigned held a status conference to determine next steps in light of Ms. Juzapavicus's status report.  Pursuant to Rule 25 of the Rules of the Court of Federal Claims, the undersigned ordered any interested party to file a motion for substitution of party within 90 days with a copy of the order provided to Ms. Lewis's surviving children.  To date, no such motion has been made.  The matter is now ripe for adjudication.

## II.   Legal Standard

The Vaccine Rules do not address the consequences of the death of the petitioner.  Thus, in absence of any specific direction, the Rules of the Court of Federal Claims (RCFC) are consulted.  <u>See</u> Vaccine Rule 1(c).

Rule 25 of the RCFC contains two aspects.  First, Rule 25 explains the procedure that may be followed.  "If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative."  Second, if the procedure is not followed, Rule 25 sets forth the consequences.  "If the motion is not made within 90 days after service of a statement noting death, the action must be dismissed."

## III.   Discussion

Ms. Lewis's petition must be dismissed due to the lack of a proper plaintiff to maintain the action.  Ms. Lewis cannot act as the petitioner because she has died.  No one has come forward to substitute for Ms. Lewis within the time permitted by Rule 25.  Thus, the action must be dismissed.

## IV.   Conclusion

For the foregoing reason, this case is dismissed.  The Clerk shall enter judgement accordingly.

**IT IS SO ORDERED**.

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master